**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **YEHUDA MILLER,** | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No.: 1:26-cv-3067 |
| **FEDERAL BUREAU OF INVESTIGATION,** | § | |
| *Defendant.* | § | |

**<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

## INTRODUCTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Federal Bureau of Investigation ("FBI") to fulfill its statutory obligations with respect to three separate requests for records of substantial public interest. As to two of the requests, the FBI failed to make any determination within the statutory period. As to the third, the FBI issued an improper "Glomar" response refusing to confirm or deny the existence of records whose existence has been officially acknowledged. Plaintiff has exhausted his administrative remedies as to each request.

2. The first request seeks emails to and from FBI Director Kash Patel during July 3–7, 2025. The second seeks an FBI intelligence product titled "Domestic Violent Extremists' Use of Amateur HAM Radios for Communication and Other Pre-Operational Planning" (17 January; SIR-00340433389) and related records. The third seeks the search warrant, affidavit, and application materials for the FBI's November 5, 2021 search directed at James O'Keefe / Project Veritas. Each request concerns the FBI's transparency and accountability during a period of significant public scrutiny of the Bureau.

3. As to the first two requests, more than twenty working days have elapsed since the FBI received them and the FBI has issued no determination. As to the third, the FBI's Glomar response is unlawful, and Plaintiff exhausted his administrative appeal when the Department of Justice failed to decide it within twenty working days. The FBI's failures entitle Plaintiff to relief.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because the agency records at issue are maintained at FBI Headquarters in the District of Columbia and because Defendant resides in this district.

6. Plaintiff has exhausted his administrative remedies with respect to each claim. 5 U.S.C. § 552(a)(6)(A)(ii), (a)(6)(C)(i).

**PARTIES**

7. Plaintiff Yehuda Miller is an individual residing in Teaneck, New Jersey. Plaintiff submitted the FOIA requests at issue and is a "representative of the news media" who gathers and disseminates information of public interest to a public audience.

8. Defendant Federal Bureau of Investigation is a component of the United States Department of Justice and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The FBI has possession and control of the records Plaintiff seeks and is responsible for fulfilling Plaintiff's requests.

## STATUTORY FRAMEWORK

9. FOIA requires that an agency, upon a request for records that reasonably describes the records and complies with the agency's published rules, make the records promptly available to any person. 5 U.S.C. § 552(a)(3)(A).

10. FOIA requires an agency to determine within twenty working days after receipt of a request whether to comply with the request, and to immediately notify the requester of that determination, the reasons for it, and the requester's right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

11. A "determination" within the meaning of § 552(a)(6)(A)(i) requires the agency at least to gather and review responsive documents, to determine and communicate the scope of the documents it intends to produce and withhold, and to inform the requester that he may appeal any adverse determination. A mere acknowledgment of receipt is not a determination.

12. FOIA requires an agency to determine an administrative appeal within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(ii). If the agency fails to comply with the applicable time limit at either stage, the requester is deemed to have exhausted his administrative remedies and may immediately seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL ALLEGATIONS: REQUEST NO. 1739991-000
## (Director Patel Emails, July 3–7, 2025)

13. On or about June 7, 2026, Plaintiff submitted a FOIA request to the FBI through the FBI's eFOIPA system seeking all emails to and from FBI Director Kash Patel for the five days of July 3, 4, 5, 6, and 7, 2025, including attachments and complete email chains. A true and correct copy of the request is attached as Exhibit A.

14. The request sought records concerning the official communications of the FBI Director during a period of substantial public interest, and included a request for a public-interest fee waiver and news-media requester status.

15. By letter dated June 10, 2026, the FBI acknowledged receipt of the request and assigned it FOIPA Request No. 1739991-000. The June 10, 2026 letter was a bare acknowledgment of receipt. It did not state the scope of records the FBI would produce or withhold, identify any exemption, or otherwise constitute a determination under 5 U.S.C. § 552(a)(6)(A)(i). A true and correct copy of the letter is attached as Exhibit B.

16. More than twenty working days have elapsed since the FBI received Request No. 1739991-000. The FBI has not made or communicated any determination as to the request.

17. Plaintiff has constructively exhausted his administrative remedies as to Request No. 1739991-000. 5 U.S.C. § 552(a)(6)(C)(i).

**FACTUAL ALLEGATIONS: REQUEST NO. 1739904-000**
**(Domestic Violent Extremists / HAM Radios Intelligence Product)**

18. On or about June 7, 2026, Plaintiff submitted a FOIA request to the FBI through the FBI's eFOIPA system seeking the FBI intelligence product titled "Domestic Violent Extremists' Use of Amateur HAM Radios for Communication and Other Pre-Operational Planning" (17 January; SIR-00340433389), together with any variations, adjustments, or similar records, and related creation, approval, and dissemination records. A true and correct copy of the request is attached as Exhibit C.

19. The request sought records concerning the FBI's intelligence-collection practices as applied to individuals in connection with the events of January 6, 2021, and included a request for a public-interest fee waiver, news-media requester status, and expedited processing.

20. By letter dated June 11, 2026, the FBI acknowledged receipt of the request and assigned it FOIPA Request No. 1739904-000. The June 11, 2026 letter was a bare acknowledgment of receipt and did not constitute a determination under 5 U.S.C. § 552(a)(6)(A)(i). A true and correct copy of the letter is attached as Exhibit D.

21. By letter dated June 17, 2026, the FBI denied Plaintiff's request for expedited processing. That letter addressed only expedited processing. It made no determination as to the scope of records the FBI would produce or withhold, identified no exemption applicable to any record, and did not otherwise constitute a determination under 5 U.S.C. § 552(a)(6)(A)(i). A true and correct copy of the letter is attached as Exhibit E.

22. More than twenty working days have elapsed since the FBI received Request No. 1739904-000. The FBI has not made or communicated any determination as to the substance of the request.

23. Plaintiff has constructively exhausted his administrative remedies as to Request No. 1739904-000. 5 U.S.C. § 552(a)(6)(C)(i).

**FACTUAL ALLEGATIONS: REQUEST NO. 1740595-000**
**(Project Veritas / O'Keefe Search Warrant)**

24. On or about June 6, 2026, Plaintiff submitted a FOIA request to the FBI through the FBI's eFOIPA system seeking the search warrant, supporting affidavit, and application materials relating to the FBI's November 5, 2021 search directed at James O'Keefe / Project Veritas (Magistrate Case No. 21 MAG 10685; Docket 1:21-mc-00813 (S.D.N.Y.)), unredacted to the fullest extent permitted by law. A true and correct copy of the request is attached as Exhibit F.

25. The request sought records concerning the government's use of search warrants against a journalist and media organization, and included a request for a public-interest fee waiver and news-media requester status.

26. By letter dated June 17, 2026, the FBI responded that it would neither confirm nor deny the existence of responsive records pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and assigned the request FOIPA Request No. 1740595-000. A true and correct copy of that letter is attached as Exhibit G.

27. On July 15, 2026, Plaintiff timely appealed the FBI's June 17, 2026 determination to the Department of Justice, Office of Information Policy ("OIP"). A true and correct copy of the appeal is attached as Exhibit H.

28. More than twenty working days have elapsed since OIP received Plaintiff's appeal. OIP has not issued a determination on the appeal.

29. Plaintiff has exhausted his administrative remedies as to Request No. 1740595-000. 5 U.S.C. § 552(a)(6)(A)(ii), (a)(6)(C)(i).

30. The existence of records responsive to Request No. 1740595-000 has been officially acknowledged, including through publicly docketed proceedings in the Southern District of New York and the Department's participation in those proceedings. The FBI's refusal to confirm or deny the existence of responsive records is not justified by Exemption (b)(6) or (b)(7)(C).

## COUNT I
## Violation of FOIA — Failure to Make a Timely Determination and Unlawful Withholding (Request No. 1739991-000; Patel Emails)

31. Plaintiff realleges and incorporates by reference each preceding paragraph.

32. Plaintiff has a statutory right to the records sought in Request No. 1739991-000, and there is no lawful basis for the FBI's failure to produce them.

33. The FBI failed to make and communicate a determination as to Request No. 1739991-000 within the time required by 5 U.S.C. § 552(a)(6)(A)(i).

34. The FBI's failure to conduct an adequate search for and to produce responsive records constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A).

35. Plaintiff is entitled to injunctive relief compelling the FBI to conduct a reasonable search and to produce all responsive, non-exempt records.

**COUNT II**
**Violation of FOIA — Failure to Make a Timely Determination and Unlawful Withholding (Request No. 1739904-000; HAM Radios Intelligence Product)**

36. Plaintiff realleges and incorporates by reference each preceding paragraph.

37. Plaintiff has a statutory right to the records sought in Request No. 1739904-000, and there is no lawful basis for the FBI's failure to produce them.

38. The FBI failed to make and communicate a determination as to the substance of Request No. 1739904-000 within the time required by 5 U.S.C. § 552(a)(6)(A)(i).

39. The FBI's failure to conduct an adequate search for and to produce responsive records constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A).

40. Plaintiff is entitled to injunctive relief compelling the FBI to conduct a reasonable search and to produce all responsive, non-exempt records.

**COUNT III**
**Violation of FOIA — Improper Glomar Response and Unlawful Withholding (Request No. 1740595-000; Project Veritas)**

41. Plaintiff realleges and incorporates by reference each preceding paragraph.

42. Plaintiff has a statutory right to the records sought in Request No. 1740595-000, and there is no lawful basis for the FBI's refusal to confirm or deny the existence of responsive records.

43. The FBI's Glomar response is improper because the existence of responsive records has been officially acknowledged, and because any privacy interest cognizable under Exemptions (b)(6) and (b)(7)(C) is outweighed by the public interest in disclosure.

44. The FBI's refusal to confirm or deny the existence of responsive records, to conduct a search, and to produce responsive records constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A).

45. Plaintiff is entitled to injunctive relief compelling the FBI to acknowledge the existence of responsive records, conduct a reasonable search, and produce all responsive, non-exempt records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the FBI violated FOIA by failing to make a timely determination as to Request Nos. 1739991-000 and 1739904-000, by issuing an improper Glomar response as to Request No. 1740595-000, and by unlawfully withholding responsive records;

B. Order the FBI to conduct a search reasonably calculated to locate all records responsive to each request;

C. Order the FBI to confirm the existence of and produce, by a date certain, all records responsive to Request No. 1740595-000, and to produce all records responsive to Request Nos. 1739991-000 and 1739904-000, and to itemize and justify any records or portions withheld under a claimed exemption;

D. Enjoin the FBI from withholding responsive, non-exempt records;

E. Award Plaintiff his reasonable attorneys' fees and litigation costs under 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other and further relief as the Court deems just and proper.

Dated: September 1, 2026

Respectfully submitted,

**Jonathan S. Gross**
DC Bar ID: MD0162
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Telephone: (443) 813-0141
Email: jon@jonathangross.law

*Attorneys for Plaintiff Yehuda Miller*

/s/ Mark L. Javitch
**Mark L. Javitch**
California SBN 323729
Javitch Law Office
3 East 3rd Ave., Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

*Pro Hac Vice Application Pending*